70 F.3d 1282
 76 A.F.T.R.2d 95-7978, 96-1 USTC P 50,006
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PHILLIPS PETROLEUM AND AFFILIATED SUBSIDIARIES, Petitioner-Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
 No. 94-9021.
 United States Court of Appeals, Tenth Circuit.
 Nov. 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE and MCKAY, Circuit Judges, and BRETT, Chief District Judge.[2]
 MOORE, Circuit Judge.
 
 
 1
 Before us are two orders of the United States Tax Court which the Commissioner of Internal Revenue challenges. In the first, Phillips Petroleum Co., 97 T.C. No. 3, a 13 to 3 decision, the Tax Court invalidated a Treasury Department Regulation, 26 C.F.R. 1.863-1(b), which defined the source of natural resources income. Although the regulation was written contemporaneously with the authorizing statute, 26 U.S.C. 863(a), the Tax Court held it conflicted with the express statutory language of 26 U.S.C. 863(b) treating the income as "derived partly from sources within and partly from sources without the United States." In the second order, Phillips Petroleum Co., 101 T.C. No. 6, the Tax Court rejected the Commissioner's method of apportioning Taxpayer's mixed source income under Example (1) and applied Example (2), 26 C.F.R. 1.863-3T. Based on the formulas provided and resulting calculations, the Tax Court ordered the Commissioner to return overpayments to the Taxpayer for the years 1975, 1976, 1977, and 1978. Albeit the Commissioner's objections, our review of the briefs and records does not persuade us the Tax Court erred in either determination. We, therefore, affirm for the reasons set forth in the Tax Court's opinions.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Thomas R. Brett, Chief Judge for the United States District Court for the Northern District of Oklahoma, sitting by designation